IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PLS FINANCIAL SERVICES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-3079-L** |
| | § | |
| **AMAZING CONTRACTORS SERVICES, INC.** a/k/a Amazing Services, Inc., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff PLS Financial Services, Inc.'s Motion for Clerk's Entry of Default and Court's Entry of Default Judgment (Doc. 9), filed September 15, 2020. After careful consideration of the motion, appendix, record, and applicable law, the court **denies** Plaintiff PLS Financial Services, Inc.'s Motion for Court's Entry of Default Judgment.

**I.  Background**

PLS Financial Services, Inc. ("PLS" or "Plaintiff") filed Plaintiff's Original Complaint ("Complaint") on December 31, 2019, against Amazing Contractor's Services, Inc. a/k/a Amazing Services, Inc. ("Defendant" or "Amazing Contractors") in this court, contending that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Based on the allegations of Plaintiff's Complaint, the court determines that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, as Plaintiff seeks $146,728 in damages and a yet-to-be-determined amount in attorney's fees and costs, as well as prejudgment and postjudgment interest.

Accordingly, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1).

Plaintiff brings this action pursuant to Sections 3.302 and 3.414 of the Texas Business and Commerce Code (Count I) and for breach of contract (Count II).

In support of these claims, Plaintiff alleges the following:

7. This case arises from Defendant's wrongful dishonor of three checks.

8. Specifically, Defendant issued and presented the following three checks to PLS's affiliate (collectively, "PLS"):

- **Check No. 2610,** dated May 10, 2019, in the amount of $48,958.00 **(Ex. A)**
- **Check No. 2613,** dated May 15, 2019, in the amount of $47,875.00 **(Ex. B);** and
- **Check No. 2623,** dated May 14, 2019, in the amount of $49,895.00 **(Ex. C).**

9. When these checks were presented to PLS, the checks bore no apparent evidence of forgery or alteration and [were] not otherwise so irregular or incomplete as to call into question their authenticity. Moreover, PLS took the checks:

a) for value;

b) in good faith;

c) without notice that the checks were overdue or had been dishonored or that there was an uncured default with respect to payment of another instrument issued as part of the same series;

d) without notice that any of the checks contained an unauthorized signature or had been altered;

e) without notice of any claim to the any of the checks or that any party has a defense or claim in recoupment to any of the checks; and

10. Consequently, PLS accepted these checks as a "holder in due course" as that term is defined by Section 3.302 of the Texas Business & Commerce Code, Texas's version of the Uniform Commercial Code (UCC).

11. Nevertheless, and for whatever reason, Defendant refused to honor the checks upon their presentment for payment by PLS.

12.     PLS gave notice to Defendant, on several occasions, that this refusal to honor the checks constituted a wrongful dishonor in violation of Section 3.302 of Texas's Business and Commerce Code as well as a breach of contract under Texas law. The most recent of these notices was sent in writing via certified mail to Defendant's counsel. **Ex. D.** This notice satisfies Section 3.503 of the Business and Commerce Code and Chapter 38 of Texas's Civil Practices & Remedies Code.

13.     To date, Defendant has not responded to any of PLS's notices, nor has PLS received payment from Defendant.

. . .

Violation of Texas Business and Commerce Code §§ 3.302 and 3.414

14.     As is plain from the face of the checks themselves, Defendant is the "Drawer" of the dishonored checks insofar as Defendant "sign[ed] or is identified in [the checks] as a person ordering payment." Tex. Bus. & Com. Code § 3.103(a)(4).

15.     As such, Defendant, as Drawer, is statutorily "obliged," in the event "an unaccepted draft is dishonored," to "pay the [checks]," inter alia, "according to its terms at the time it was issued." *Id.* § 3.414. Moreover, "[t]his obligation is owed to a person entitled to enforce the instrument." *Id.* As a Holder in Due Course, PLS is entitled to enforce this instrument, and Defendant is therefore obliged to pay PLS the face value of the checks.

16.     PLS demands that Defendant pay the checks accordingly.

. . .

Breach of Contract

17.     Under Texas law, "a suit by a check's holder against its drawer under Section 3.414 is a claim on a contract." *½ Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 381 (Tex. 2011).

18.     Consequently, all formalities of contract formation have been satisfied, here, and Defendant has failed to perf01m or tender performance. Defendant is therefore liable in contract for actual damages amounting to the face value of the dishonored checks.

19.     All conditions precedent, including notice obligations under Chapter 38.001 of Texas's Civil Practices & Remedies Code and Section 3.503 of the Business and Commerce Code, have been satisfied.

Pl.'s Original Compl. 3-6, ¶¶ 7-19.

On May 7, 2020 Defendant was served with a copy of the summons and Complaint. Defendant was required to answer or otherwise respond to the Complaint by May 28, 2020, twenty-one days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Defendant, has not answered or otherwise responded to the Complaint.

On September 15, 2020, PLS requested the clerk of court to enter a default against Amazing Contractors (Doc. 9), and the clerk entered a default against Defendant (Doc. 10) on September 16, 2020. Plaintiff now requests the court to enter a default judgment against Amazing Contractors and award it damages, costs, attorney's fees and applicable interest as a result of the default.

## II.     Analysis

### A.     Applicable Law

If a defendant fails to answer or otherwise respond to a complaint, such defendant admits the well-pleaded allegations of the complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, if Plaintiff has sufficiently pleaded allegations to establish each of the elements of its claims, Defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

Upon close examination of Plaintiff's Complaint, the court determines the allegations therein regarding the two claims are insufficient to support a default judgment. The Complaint is devoid of any allegations setting forth the relationship between PLS and Amazing Contractors from which the court can reasonably infer that PLS is legally entitled to collect damages against

Amazing Contractors.  Attached to the Complaint are copies of all three checks in question; however, PLS sets forth no allegations explaining its connection to the checks or why the checks entitle it to relief.

In pleading a claim in federal court, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing the sufficiency of a complaint, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196

(5th Cir. 1996). In determining the sufficiency of the complaint, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B.     Discussion

After repeatedly poring over the Complaint, the court simply did not see any allegations from which it could reasonably infer that PLS was entitled to relief from Amazing Contractors. The answer was provided in the materials attached to the motion for default judgment. The document that revealed the answer was the "Assignment of Claims" in Plaintiff's Appendix (Doc. 9-1 at 40). PLS Check Cashers of Texas, Inc. ("PLS Check Cashers") assigned the three checks made the basis of this action to PLS on December 13, 2019, yet nary an allegation is set forth in the Complaint that such Assignment occurred. Had the Assignment been attached to Plaintiff's Complaint, it would have been a part of the pleadings that the court could have considered. *Collins*, 224 F.3d at 498-99. A court, however, may not look beyond the pleadings to determine whether a claim has been sufficiently pleaded. *Spivey*, 197 F.3d at 774. The Assignment is the nexus or linchpin between PLS and Amazing Contractors. Without this Assignment, there would be no

**Memorandum Opinion and Order – Page 6**

basis for the court to reasonably infer that Amazing Contractors could be liable for the two claims asserted by PLS. Moreover, that PLS Check Cashers is an affiliate of PLS (Pl.'s Compl. ¶ 8) is quite beside the point because being an affiliate, without more, is insufficient for the court to reasonably infer that Amazing Contractors could be liable to PLS. Because the Assignment was not alleged in the Complaint or attached to it, Plaintiff's allegations regarding its claims are not well-pleaded, and existing precedent precludes the court from holding that the allegations of the Complaint are sufficient to support a default judgment in favor of PLS. Accordingly, the court will deny Plaintiff's motion for a default judgment against Amazing Contractors.

### III.     Conclusion

For the reasons herein stated, the court **denies** Plaintiff PLS Financial Services, Inc.'s Motion for Default Judgment (Doc. 9).* Since the pleadings are not sufficient to support a default judgment, Plaintiff must file an amended complaint that complies with this court's ruling and serve Defendant with the amended pleading. Plaintiff must effect service on Defendant by **September 20, 2021**, and file an executed summons with the court by **September 23, 2021**. Failure to effect service by this date will result in dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m), unless Plaintiff shows good cause for the failure to effect service by the stated date.

**It is so ordered** this 21st day of July, 2021.

*signature*

Sam A. Lindsay
United States District Judge

---

*As the court has denied this motion, it **vacates** or **sets aside** the clerk's Entry of Default (Doc. 10).

**Memorandum Opinion and Order – Page 7**